IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
Blush Bootcamp LLC, )
)
) Case No. 24-20785
) Chapter 11
)
Debtor )

## APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

COMES NOW, debtor-in-possession Blush Bootcamp LLC ("Debtor") by and through attorney Phillips & Thomas LLC, and pursuant to 11 U.S.C. §327, Fed. R. Bankr. P. 2014, 2016 and 5002, and submits this application to employ the firm of Phillips & Thomas LLC and its member(s) to represent the debtor in its Ch. 11 bankruptcy proceedings. In support whereof, debtor further states:

1. The debtor's Chapter 11 case was filed on June 24, 2024. Pursuant to Sect. 1107 and 1108 of the Bankruptcy Code, the debtor is a debtor-in-possession.

2. The debtor is a business.

3. Debtor requires the services of counsel to represent it during these proceedings and desires to employ Phillips & Thomas LLC as counsel. The services to be rendered include providing the services needed in representing a Chapter 11 debtor-in-possession, which include: preparation of the bankruptcy forms and schedules, attendance at the §341 meeting and other court hearings, preparation of the disclosure statement and Chapter 11 plan, client conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving confirmation issues.

1

4. George J. Thomas is a member of Phillips & Thomas LLC, and is duly licensed and qualified and is, in the opinion of debtor, qualified to act as its counsel. Debtor has selected Firm to be its counsel based on its experience and knowledge of Chapter 11 bankruptcy procedures.

5. George J. Thomas and Phillips & Thomas LLC are not connected with the debtor, or with any creditors in this matter.

(a) Neither George J. Thomas nor Phillips & Thomas LLC hold or represent an interest adverse to the estate;

(b) George J. Thomas and Phillips & Thomas LLC have examined their client records and business records, and have made personal inquiry of the debtor about connections and disinterestedness in meetings and interviews with the debtor. They have determined that the attorney and all the members of the firm do not hold or represent an interest adverse to the estate.

(c) George J. Thomas and Phillips & Thomas LLC have no other connection with the debtor besides what is stated above. The attorney and all members of the firm have no connections with the creditors in this case, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee;

(d) George J. Thomas and Phillips & Thomas LLC understand the continuing duty to disclose any adverse interest and change in disinterestedness;

(e) The attorney and firm understand that the court's approval of the application is not approval of any proposed terms of compensation and that, under §328(a), the court may allow compensation on terms different from those proposed. The firm and its members are disinterested parties as defined in 11 U.S.C Section 101(14), representing no interest adverse to the debtors or the debtors'

2

estate on the matters upon which they are to be engaged, and their employment would be in the best interests of the bankruptcy estate.

6. George J. Thomas has agreed to act as attorney for debtor at hourly fees commensurate with their experience and the time-intensive nature of a Ch. 11 case. The current attorney hourly rate is as follows: George J. Thomas: $350/hr. Phillips & Thomas LLC will also require reimbursement for its out-of-pocket expenses. Counsel intends to file applications for fees and expenses every sixty (60) days.

7. For entry into this case, the firm has received a retainer amount of $18,262.00, and a filing fee of $1738. The source of the funds used for the retainer, filing fee, and credit report fee were the Debtor's own funds. Firm has not received any compensation for this case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Ch. 11 case will be made in accordance with this application.

8. George J. Thomas affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for debtor. Counsel intends to file applications for compensation in this case every sixty (60) days.

9. Counsel's post-filing fees will not be paid unless: (a) Debtors have timely filed with the UST all required operating reports; (b) Debtors are current in payment of post-petition taxes and fees and costs assessed under 28 U.S.C. Section 1930; and (c) Debtors are either current in payment of post- petition creditors, or have the financial capacity to make such payments.

3

WHEREFORE, the debtor respectfully requests this Court's order approving the employment of George J. Thomas, on the basis set forth above and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Phillips & Thomas LLC

By: /s/ George Thomas
George J. Thomas #19230
5251 W. 116th Place, Ste. 200
Leawood KS 66211
Phone: (913) 385-9900

4

7. I understand that the Court's approval of the debtor's application to employ Phillips & Thomas LLC does not constitute approval of the proposed terms of compensation set forth herein and that, pursuant to 11 USC Sect. 328(a), the Court may allow compensation on terms different from those proposed.

8. Based on the foregoing statement, I believe that I and Phillips & Thomas LLC are "disinterested persons" within the meaning of 11 U.S.C. Sect. 101(14) and Sect. 327 and that our proposed retention as counsel for debtor is not prohibited by Fed. R. Bankr. 5002.

/s/ George J. Thomas

George J. Thomas #19230

Subscribed and sworn to before me on this 25 th day of June 2024.



NOTARY PUBLIC – State of Kansas
PAUL HOFFMANN
My Appt. Exp. 8/21/27

2