IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
Blush Bootcamp LLC *et. al.* )
)
) Case No. 24-20785
) Chapter 11
) Jointly Administered
Debtors )

APPLICATION FOR EMPLOYMENT OF ACCOUNTANT FOR DEBTOR AND
PRELIMINARY APPROVAL OF FEE ARRANGEMENT

COMES NOW, Debtor Blush Bootcamp LLC *et. al*., by and through attorney Phillips & Thomas LLC, and pursuant to 11 USC Sect. 327, Fed. R. Bankr. P. 2014, 2016 and 5002, and L.R. 2014, and submits this application to employ Brian Million to represent the Debtor in its Ch. 11 bankruptcy proceedings. In support whereof, Debtor further states:

1. The debtor's Chapter 11 case was filed on June 24, 2024. Pursuant to Sect. 1107 and 1108 of the Bankruptcy Code, the debtor is a debtor-in-possession.

2. The Debtor conducts the business of providing gym and fitness services.

3. Debtor requires the services of an accountant to prepare handle bookkeeping and handle tax matters during these proceedings and desires to employ Brian Million.

4. Brian Million is a professional accountant and is qualified to render these services.

5. As stated in the accompanying affidavit, Brian Million is not connected with the debtor or with any creditors or party in interest in this matter:

(a) Brian Million does not represent an interest adverse to the estate, and is not a creditor of the debtor.

(b) Brian Million has examined client records and business records, and has made personal inquiry of the debtor about possible connections and disinterestedness in meetings and interviews with the debtor. It does not hold or represent an interest adverse to the estate;

1

(c) Brian Million has no connection with the debtor other than that stated herein as its accountant.  The accountant has no affiliations with the creditors in this case, any other party in interest, their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee;

(d)  Brian Million understands the continuing duty to disclose any adverse interest and change in disinterestedness;

(e)  The accountant herein understands that the court's approval of the application is not approval of any proposed terms of compensation and that, under § 328(a), the court may allow compensation on terms different from those proposed.  The accountant is a disinterested party as defined in 11 U.S.C Section 101(14), representing no interest adverse to the debtors or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interests of the bankruptcy estate.

6.  Brian Million has agreed to act as accountant for debtor at hourly fees commensurate with their experience.  The current hourly rate is as follows:

$150/hr.

7.  Brian Million affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court.

8.  Accountant's fees will not be paid unless: (a) Debtors have timely filed with the UST all required operating reports; (b) Debtors are current in payment of post-petition taxes and fees and costs assessed under 28 U.S.C. Section 1930; and (c) Debtors are either current in payment of post-petition creditors or have the financial capacity to make such payments.

WHEREFORE, the Debtor respectfully requests this Court's order approving the employment of Brian Million as accountant for debtor, on the basis set forth above and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

2

Phillips & Thomas LLC

 By: /s/ George Thomas
George J. Thomas #19230
5251 W 116th Place, Ste. 200
Leawood KS 66211
Phone: (913) 385-9900
Email:  geojthomas@gmail.com

3

<u>AFFIDAVIT PURSUANT TO 11 U.S.C. Sect. 329 AND FED. R. BANKR. P. 2016</u>

STATE OF <u>KS</u> )
)
) ss:
COUNTY OF <u>Johnson</u> )

<u>Brian Million</u> [*name of accountant*], being first duly sworn on oath, states as follows:

1. I am an accounting professional located at the following address:
<u>9225 W Indian Creek Pkwy Suite 1100 Overland Park, KS 66210</u> [*address*].

2. I have examined my records and determined that I do not have any financial connection with the Debtors Blush Bootcamp LLC *et. al.*, or any of their estates or affiliate entities.

3. I have not entered into any agreement which is prohibited by USC Title 18, Sect. 155.

4. With the exception of the disclosure set forth herein, to the best knowledge of the debtor and myself, I am not connected in any manner with the debtor or its business or with creditors or any other party in interest in this matter. Thus, I am a disinterested party as defined in 11 U.S.C. Sect. 101(14), representing no interest adverse to Blush Bootcamp LLC *et. al.*, or the bankruptcy estates on the matters upon which I am to be engaged, and my employment would be in the best interests of the bankruptcy estates.

5. Debtor has consulted with me about acting as an accountant for his business, and I have agreed to do this. The fees I charge for accounting services are: $ <u>150</u> /hr. I am not a creditor of the debtor.

6. I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

7. I understand that the Court's approval of the debtor's application to employ me does not constitute approval of the proposed terms of compensation set forth herein and that, pursuant to 11 USC Sect. 328(a), the Court may allow compensation on terms different from those proposed.

8. Based on the foregoing statement, I believe that I am a "disinterested person" within the meaning of 11 U.S.C. Sect. 101(14) and Sect. 327 and that my proposed retention as accountant for debtor is not prohibited by Fed. R. Bankr. 5002.

/s/ _Brian Millian_ [signature]

Brian Millian [printed name]

Subscribed and sworn to before me on this 26th day of August, 2024.

/s/ _McManus_

Notary Public, State of _Florida_

My commission expires on _8-24-26_

A1A Pack and Ship
3830 S Hwy A1A Suite 4
Melbourne Beach, FL 32951
321-726-1667



VALERIE MCMANUS
MY COMMISSION # HH 304770
EXPIRES: August 24, 2026